1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE C. HEARNE,

11            Petitioner,                    No. CIV S-09-00725 GEB DAD P

12        vs.

13   MATTHEW CATE, Secretary,

14            Respondent.                    FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding with counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that his continued detention by

18   the California Department of Corrections and Rehabilitation (CDCR) violates his due process

19   rights.  Pending before the court is respondent's motion to dismiss the petition pursuant to Rule 4

20   of the Rules Governing § 2254 Cases.  Therein, respondent argues that the petition: (1) is barred

21   by the statute of limitations set forth in 28 U.S.C. § 2244(d); and (2) petitioner has failed to state

22   a cognizable claim for federal habeas relief.  Petitioner has opposed the motion.  For the reasons

23   stated below, the court recommends that respondent's motion to dismiss be granted.

24                              **BACKGROUND**

25            On May 29, 1981, petitioner was convicted in the San Francisco County Superior

26   Court of second degree murder and was later sentenced to an indeterminate term of 15 years to

                                        1

1   life imprisonment.  (Pet. at 7.)  Petitioner's minimum eligible parole date was set at February 22,

2   1990, and his maximum eligible parole date was set for November 21, 1995.  (P. & A. in Supp.

3   of Pet. (P. & A.) at 6.)  Petitioner has since appeared before the California Board of Parole

4   Hearings (Board) on several occasions, but the Board has not granted him parole.  (Resp'ts' Mot.

5   to Dismiss (MTD) at 3.)  Petitioner currently remains in CDCR's custody.  (Pet. at 7.)

6              On January 23, 2003, petitioner filed a petition for writ of habeas corpus in the

7   San Francisco County Superior Court, alleging violations of his state and federal due process

8   rights.  (P. & A., Ex. H.)  That petition was denied in a reasoned order filed March 20, 2007.  (P.

9   & A., Ex. I.)  Petitioner filed a subsequent habeas petition in the California Court of Appeal for

10  the First Appellate District.  (P. & A., Ex. J.)  That petition was summarily denied on July 12,

11  2007.  (P. & A., Ex. K.)  On September 25, 2007 petitioner filed a petition for writ of habeas

12  corpus in the California Supreme Court.  (P. & A., Ex. L.)  That petition was also summarily

13  denied on March 19, 2008.  (P. & A., Ex. M.)

14             On March 16, 2009, petitioner filed his federal petition for writ of habeas corpus,

15  alleging that his continued detention by the CDCR violates his due process rights.  On May 18,

16  2009, respondent filed the pending motion to dismiss.  Petitioner filed an opposition to that

17  motion on June 17, 2009.[1]  Respondent filed a reply on June 24, 2009.  The court heard argument

18  on the motion on July 17, 2009.

19             **STANDARDS APPLICABLE TO THE MOTION TO DISMISS**

20             Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

21  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

22  petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section

23  2254 Cases.  See White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to

24  dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule

25

26          [1] On June 17, 2009, respondent filed an amended motion to dismiss (Doc. No. 13),
     amending the motion filed May 18, 2009 (Doc. No. 11).

2

1   4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim

2   for relief is stated); Vargas v. Adler, No. 1:08-cv-01592 YNP [DLB] (HC), 2010 WL 703211, at

3   *2 (E.D. Cal. Feb. 25, 2010) (granting motion to dismiss a habeas claim for failure to state a

4   cognizable federal claim).  Moreover, the Advisory Committee Notes to Rule 8 of the Rules

5   Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas

6   corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or

7   after an answer to the petition has been filed.  See, e.g., Miles v. Schwarzenegger, No. CIV S-07

8   -1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas

9   petition pursuant to respondent's motion to dismiss for failure to state a claim).  However, a

10   petition for writ of habeas corpus should not be dismissed without leave to amend unless it

11   appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

12   440 F.2d 13, 14 (9th Cir. 1971).

**ANALYSIS**

14   I.  Statute of Limitations

15          Respondent contends that the petition is time-barred under the Antiterrorism and

16   Effective Death Penalty Act's (AEDPA) one-year statute of limitations because the factual

17   predicate of petitioner's claim arose, at a minimum, over two years before petitioner sought

18   federal habeas relief.  (MTD at 4.)  Petitioner counters that his petition is timely because the

19   statute of limitations for the filing of his federal habeas petition began to run only after the

20   California Supreme Court denied him habeas relief on March 18, 2008.  (Opp'n at 5.)  Because

21   AEDPA's statute of limitations is not jurisdictional, see Green v. White, 223 F.3d 1001, 1003-04

22   (9th Cir. 2000), and because the issues involved in the statute of limitations arguments of the

23   parties are complex in this case, the court elects to proceed to the merits of respondent's motion

24   to dismiss the petition for failure to state a cognizable federal claim.  Day v. McDonough, 547

25   U.S. 198, 199 (2006) ("[T]he court holds that a district court has discretion to decide whether the

26   administration of justice is better served by dismissing the case on statute of limitations grounds

3

1   or by reaching the merits of the petition."); Bruno v. Director, CDCR, No. CIV S-02-2339 LKK

2   EFB P, 2010 WL 367538, at *2 (E.D. Cal. Jan. 26, 2010) ("[T]he court elects to deny petitioner's

3   habeas petition on the merits rather than reach the equitable tolling issue.").

4   II.   Failure to State a Cognizable Claim

5              Petitioner alleges that he entered into a contract with the CDCR in 1984, whereby

6   he exchanged his good time credits for the right to earn credits at a higher rate subject to the

7   requirement that he engage in prison work.  (Pet. at 6-7.)  Petitioner claims that when the CDCR

8   set his base term and then adjusted that term to reflect his maximum eligible parole date, he

9   expected to be released no later than that base term date of July 3, 1996.  (Pet. at 7.)  Based upon

10  this unique theory, petitioner claims that his confinement beyond July 3, 1996, amounts to a

11  deprivation of his "specific liberty interest" in release in violation of his due process rights as

12  recognized by the court in McQuillion v. Duncan (McQuillion I), 306 F.3d 895 (9th Cir. 2002).

13  (Pet. at 1.)

14              In moving to dismiss the pending petition, respondent contends that petitioner has

15  failed to state a cognizable claim for federal habeas relief because petitioner has never been

16  granted parole by the Board.  (MTD at 1-2.)  Respondent also argues that the decision in

17  McQuillion I is factually distinguishable from this case and that petitioner's claimed expectation

18  of release, even if legitimately held, does not entitle him to federal habeas relief.

19              The court finds respondent's arguments in this regard persuasive.  The Due

20  Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life,

21  liberty, or property without due process of law.  One alleging a due process violation must first

22  demonstrate that he was deprived of a liberty or property interest protected by the Due Process

23  Clause and then show that the procedures attendant upon the deprivation were not

24  constitutionally sufficient.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989);

25  McQuillion I, 306 F.3d at 900.

26  /////

1          The United States Constitution does not, of its own force, create a protected

2    liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-

3    21 (1981).  However, where a state's statutory scheme uses mandatory language, as California's

4    does, it gives rise to a cognizable liberty interest in release on parole even for prisoners who have

5    not already been granted a specific parole date. Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123,

6    1128 (9th Cir. 2006); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003); McQuillion I, 306

7    F.3d at 903; see also In re Lawrence, 44  Cal. 4th 1181, 1204, 1210, 1221 (2008).  Due process

8    requires that a prisoner have advanced notice of his parole hearing, an opportunity to be heard

9    and submit materials for consideration at the hearing, and to have access to the materials

10   submitted for consideration by others. Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390

11   (9th Cir. 1987).  In addition, it is clearly established federal law that a parole board's decision

12   deprives a prisoner of due process with respect to his constitutionally protected liberty interest in

13   a parole release date if the Board's decision is not supported by "some evidence in the record."

14   Superintendent v. Hill, 472 U.S. 445, 457 (1985); Irons v. Carey, 505 F.3d 846, 851 (9th Cir.

15   2007); Sass, 461 F.3d at 1128; McQuillion I, 306 F.3d at 904 (any decision to deny or rescind

16   parole must be supported by "some evidence" having "some indicia of reliability"); Biggs, 334

17   F.3d at 915.

18          Petitioner's claim that he has been deprived of his liberty interest in a specific

19   parole date, as granted by the CDCR, plainly lacks merit.  A prisoner has a liberty interest in a

20   specific parole date only after he has been granted parole. See McQuillion I, 306 F.3d at 903

21   (finding that prisoner had a liberty interest and specific expectation of release after the Board

22   granted him parole and a release date).  In California, the Board holds the exclusive authority to

23   determine a prisoner's parole status.  California Penal Code § 3040.  Only if the Board

24   determines that the prisoner is suitable for release will the prisoner be granted parole, given a

25   total period of confinement and awarded a specific release date.  California Penal Code § 3041;

26   Cal. Code Regs. tit. 15, §§ 2401 & 2402.  Here, and unlike the petitioner in McQuillion I,

1    petitioner has obviously never been granted parole.  (MTD, Ex. 3.)  Although petitioner has had

2    several parole hearings, the Board has never found him to be suitable for release.[2]  (See, e.g.,

3    MTD, Ex. 4.)

4                CDCR's mere calculation of petitioner's maximum and minimum eligible parole

5    dates are not substitutes for the Board's authority to grant parole, nor do those calculations entitle

6    petitioner to release.  See Fryburger v. Curry, No. 07-16414, 2009 WL 3250616, at *1 (9th Cir.

7    Oct. 9, 2009) ("[T]he prison's calculation of a 'maximum eligible parole date' [does] not create a

8    liberty interest that [petitioner] would be paroled on that date."), cert. denied, ___U.S.___, 2010

9    WL 680614 (Mar. 1, 2010).[3]  Under California's parole scheme, the CDCR calculates a

10   prisoner's maximum eligible parole date to determine his minimum term.  See Cal. Code Regs.

11   tit. 15, §§ 2000(b)(68).  A prisoner's minimum eligible parole date is also calculated to determine

12   the earliest date that a prisoner may be released on parole.  Cal. Code Regs. tit. 15, §§

13   2000(b)(67).  Neither of these dates is a guaranteed parole release date.  Rather, in California,

14   parole may be granted and a parole date set only by the Board upon a finding that the prisoner is

15   suitable for release on parole.  Irons v. Carey, 505 F.3d 846, 851 n.3 (9th Cir. 2007) (citing In re

16   Dannenberg, 34 Cal. 4th 1061, 1079-80 (2005)).

17               The court is not persuaded that these CDCR calculations are entitled to greater

18   weight in this case based upon petitioner's claim that he entered a contract with the CDCR.

19   Evidence of any contract where the CDCR promised to release petitioner by a certain date is

20   fatally absent here.  Petitioner's submissions merely point to various calculations of his

21   maximum and minimum eligible parole date by the CDCR.  (See Pet., Ex. A-F.)  The calculation

22   of these dates alone do not give rise to any cognizable due process right.  Fryburger, 2009 WL

23

24       [2] Petitioner has appeared for parole hearings and been denied parole by the Board on at
     least the following seven occasions: March 30, 1990; March 30, 1992; June 7, 1994; November
25   2, 1995; May 2, 2000; October 5, 2004; and January 29, 2008.  (MTD, Ex. 3.)

26       [3] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-
     3(b).

1   3250616, at *1.  If anything, petitioner's exhibits tend to confirm the fact that he is serving an

2   indeterminate term of up to life imprisonment and has yet to be granted parole.  (Pet., Ex. D)

3   (indicating by its title that petitioner is serving a prison term of life); Pet., Ex. E (noting that

4   petitioner's base prison term is 15 years to life).

5            Moreover, petitioner has failed to cite any federal authority supporting his

6   contention that his alleged expectation in release on parole, which he claims arose from CDCR's

7   actions, gives rise to a "legitimate entitlement" to release.  Greenholtz v. Inmates of Nebraska

8   Penal, 442 U.S. 1, 7 (1979) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)).  In his

9   petition, petitioner merely cites to the decisions in McQuillion I and Kelch v. Director, Nevada

10  Dep't of Prisons, 10 F.3d 684, 688 (9th Cir. 1993) in support of his claim to federal habeas relief.

11  (Pet. at 19-22.)  However, those decisions involved prisoners who had obtained legitimate

12  entitlements to release after the proper authority had formally granted them parole or the

13  commutation of their sentences.  McQuillion I, 306 F.3d at 898; Kelch, 10 F.3d at 687-88.  Here,

14  as explained above, the CDCR does not have the authority to grant petitioner parole or early

15  release.  The court must therefore conclude that petitioner's claim presents nothing more than a

16  "unilateral expectation" of release. Greenholtz, 442 U.S. at 7; Kelch, 10 F.3d at 688.

17            As noted above, all that petitioner is entitled to under the Due Process Clause is

18  the opportunity to be heard and considered for parole and, if parole is denied, the opportunity to

19  challenge that decision.  See Jancsek, 833 F.2d at 1390.  In his petition before this court,

20  petitioner does not dispute that he has been provided advance written notice of his parole

21  hearings, opportunities to be heard and to submit materials for consideration, and access to the

22  materials submitted for consideration by others.  Nor does petitioner challenge the sufficiency of

23  the evidence upon which the Board based its determinations that he was not suitable for parole.

24  Therefore, it is undisputed that petitioner has been "afforded all the due process protection that is

25  required." Id.

26  /////

1    Accordingly, respondent's motion to dismiss the pending petition for failure to

2 state a cognizable claim for federal habeas relief must be granted.  Moreover, for the reasons

3 discussed above, petitioner has no tenable claim for relief on the grounds alleged and therefore

4 dismissal should be without leave to amend.  Jarvis, 440 F.2d at 14.

5                                    **CONCLUSION**

6    For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

7        1.  Respondent's amended motion to dismiss (Doc. No. 13) be GRANTED; and

8        2.  The instant petition for writ of habeas corpus be dismissed, with prejudice.

9    These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11 days after being served with these findings and recommendations, any party may file written

12 objections with the court and serve a copy on all parties.  Such a document should be captioned

13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14 shall be served and filed within three days after service of the objections.  The parties are advised

15 that failure to file objections within the specified time may waive the right to appeal the District

16 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED: March 5, 2010.

18

19 _____
                                    DALE A. DROZD
20                                  UNITED STATES MAGISTRATE JUDGE

21 DAD:sl
   hearne0725.mtd
22

23

24

25

26

8